**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MINA SOJITRA, | CIVIL ACTION NO. 11-5141 (MLC) |
|     Plaintiff, | **O P I N I O N** |
| v. |  |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., |  |
|     Defendants. |  |

    **THE PLAINTIFF** brought an action in the United States District Court for the District of New Jersey, pursuant to the Employee Retirement Income Security Act ("ERISA"), against the defendants, Metropolitan Life Insurance Company ("MLIC") and Verizon Wireless Short Term Disability Plan ("VSTDP") to recover short term disability benefits on October 14, 2010 ("First Action").  See Compl., Sojitra v. Metropolitan Life Insurance Company, No. 10-5332 (JAP) (D.N.J. Oct. 14, 2010), ECF No. 1.  The Judge assigned to the First Action, by an order entered on February 22, 2011 ("February Order"), dismissed the Complaint for lack of prosecution.  See Order, Sojitra v. Metropolitan Life Insurance Company, No. 10-5332 (JAP) (D.N.J. Feb. 22, 2011), ECF No. 5.  The plaintiff neither moved for relief nor appealed from the February Order.

    **THE PLAINTIFF** now brings this action ("Second Action") against the same defendants listed in the First Action — MLIC and

VSTDP — and does not allege that she has been engaged in any new administrative proceedings pursuant to ERISA since bringing the First Action.  (See dkt. entry no. 1, Compl.)  Indeed, the allegations in First Action and the Second Action are identical.

**THE COURT** will dismiss the Complaint in the Second Action without prejudice.  The plaintiff, if intending to prosecute, should move before the Judge assigned to the First Action to either (1) reopen or reinstate the First Action, or (2) vacate the February Order.  See Choi v. Kim, 258 Fed.Appx. 413, 414 (3d Cir. 2007) (setting forth procedure); Hamburg Music Corp. v. Winter, No. 04-2738, 2005 WL 2170010, at *2 (3d Cir. Sept. 8, 2005) (same); Shepherd v. Bell, No. 08-368, 2010 WL 3941442, at *1 (D. Del. Oct. 5, 2010) (same); see also Levine v. Voorhees Bd. of Educ., No. 07-1614, 2009 WL 2424687, at *4 (D.N.J. Aug. 6, 2009) (suggesting plaintiff, to achieve more-favorable rulings on claims, may have allowed dismissal of complaint under Federal Rule of Civil Procedure 41 in first action in order to bring second action that could be assigned to another judge).  For good cause appearing, the Court will issue an appropriate order and judgment.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:  October 11, 2011